UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aaron L. Jones, Sr.                                     Case No. 4:23-cv-01650

                  Petitioner,

v.                                                    MEMORANDUM OPINION
                                                                        AND ORDER

Warden David W. Gray,

                  Respondent.

### I.     BACKGROUND

*Pro se* Petitioner Aaron L. Jones, Sr. filed a Petition for a Writ of Habeas Corpus under "28 U.S.C. § 2241 and in conjunction with 28 U.S.C. § 2254." (Doc. No. 1 at 1). Petitioner is incarcerated in the Belmont Correctional Institution, serving a 20-year sentence imposed by the Mahoning County, Ohio Court of Common Pleas, Case No. 06CR95, for one count of aggravated robbery and one count of aggravated burglary. His Petition is difficult to decipher. He contends the trial court violated his right to a speedy trial under Ohio Revised Code § 2945.71. He also asserts that he should not have received consecutive sentences and claims that his sentence is void. He seeks release from prison and monetary compensation.

       Jones filed an earlier Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in which he raised eighteen grounds for relief. *See Jones v. Kelly*, No. 4:08 CV 3017 (N.D. Ohio Sept. 3, 2010). United States District Judge Jack Zouhary denied the Petition and dismissed the action, finding that all of Jones's claims were procedurally defaulted. Thirteen years later, Jones filed this Petition challenging that same conviction. He acknowledges that this current Petition may be successive, but

states that "if the Courts would have accurately administered the facts the first time, Petitioner would not have had to file several actions in this matter." (Doc. No. 1 at 7).

## II. ANALYSIS

As an initial matter, it is not possible for Jones to proceed on a hybrid § 2241/§2254 Petition. He can only proceed under one of the statutes. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). Because § 2254 is the more specific statute regarding habeas applications which challenge state court judgments, that Section takes precedence over Section 2241. *See Greene v. Tennessee Dep't of Corr.,* 265 F.3d 369, 371 (6th Cir. 2001). Regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *Id. See also Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002).

I cannot, however, recharacterize a § 2241 Petition as one arising solely under § 2254. *See, e.g., Martin v. Overton*, 391 F.3d 710, 713-14 (6th Cir. 2004). And Jones did not clearly indicate that he intended to proceed under § 2254. Thus, Jones's § 2241 Petition must be dismissed without prejudice.

Even if I could construe the Petition as one filed solely under § 2254, it would be successive. Before a second or successive Petition for a Writ of Habeas Corpus can be filed in the District

Court, the Petitioner must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider the Application. 28 U.S.C. § 2244(b)(3)(A). The District Court does not have jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Generally, when a second or successive § 2254 Petition is filed in this court without § 2244(b)(3) authorization, I would transfer the Petition to the Sixth Circuit Court of Appeals. *Id.* But Jones did not make it clear that he intended to file his Petition under § 2254, and I cannot recharacterize a § 2241 Petition as one arising under § 2254. *See Martin*, 391 F.3d at 713. If Jones seeks to file a second or successive Petition under § 2254, he must obtain authorization from the Sixth Circuit to do so.

### III. CONCLUSION

Accordingly, this action is dismissed without prejudice. Further, I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge